MARTÍNEZ ET AL., DEMANDANTES Y APELADOS, *v.* PORTO RICO RAILWAY, LIGHT AND POWER COMPANY, DEMANDADA Y APE-LANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre reivindicación de finca urbana e indemnización de daños y perjuicios.

No. 1042.—Resuelto en mayo 5, 1914.

ACCIÓN REIVINDICATORIA—TÍTULO DEL DEMANDANTE—MANIFESTACIONES DEL DE-MANDANTE EN FAVOR PROPIO HECHAS EN UN DOCUMENTO.—Por regla general las declaraciones de una parte en su propio favor no son admisibles en su beneficio, a menos que constituyan parte del acto o contrato que ha de ser probado, y por tanto no es admisible para probar el título del demandante un documento en el que se dice que él había adquirido una mitad de la finca en litigio por medio de otro documento.

INCONGRUENCIA ENTRE LA DEMANDA Y LA PRUEBA—PRESENTACIÓN DE DOCUMEN-TOS OTORGADOS DESPUÉS DE RADICADA LA DEMANDA.—No son admisibles como prueba documentos con respecto a hechos ocurridos con posterioridad a la radicación de la demanda, a menos que se enmiende la demanda ha-ciendo alguna alegación que soporte tal prueba.

EXPOSICIÓN DEL CASO—EXPLICACIÓN DEL ALCANCE DE CIERTOS DOCUMENTOS—ENMIENDA POR EL TRIBUNAL SENTENCIADOR.—Cuando en la exposición del caso se ha omitido hacer constar que ciertas escrituras presentadas como prueba sólo tienen el alcance de elevar a documentos públicos las ventas hechas anteriormente por documento privado, debe la parte apelada pedir al juez sentenciador que enmiende la exposición del caso subsanando dichas omisiones, y éste debe cuidar de que dicha exposición contenga todos los hechos necesarios para poder este tribunal resolver la apelación, aun cuando la apelada no hiciera tal petición.

INCONGRUENCIA ENTRE LA DEMANDA Y LA PRUEBA—PRESENTACIÓN DE DOCUMEN-TOS INSCRITOS DESPUÉS DE RADICADA LA DEMANDA—ACCIÓN REIVINDICA-TORIA.—El hecho de que la parte demandante no inscribiera su título hasta después de radicada la demanda no le impediría recobrar la finca en litigio.

ACCIÓN REIVINDICATORIA—DEMANDANTES QUE POSEEN EN PROINDIVISO—INSUFI-CIENCIA DE LA PRUEBA CON RESPECTO A ALGUNOS DE LOS CONDUEÑOS.—Cuando en una acción reivindicatoria entablada por todos los condueños en pro-

indiviso de una finca, sólo uno de ellos prueba su título, es imposible dictar sentencia a favor de éste, porque no · sería posible hacerle entrega de una parte indeterminada de la finca que todos poseen en proindiviso.

Los hechos están expresados en la opinión.

Abogado de los apelados: *Sr. Hugh R. Francis.*

Abogado de la apelante: *Sr. J. Henri Brown.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Los tres demandantes en este pleito alegaron en su demanda radicada en el Tribunal de Distrito de San Juan, sección 1ª., con fecha 12 de agosto de 1912 y definitivamente enmendada en octubre 19 del mismo año, que eran dueños en común proindiviso, uno en la mitad y los otros dos cada uno en una cuarta parte, de una finca radicada en el sitio de Bayola del barrio de Santurce en San Juan, de 18 varas de frente por 300 metros de fondo, que les pertenece desde fecha anterior al año 1910, según se encuentra inscrita en el registro de la propiedad del distrito, en la que a fines del año 1910 se introdujo la corporación demandada sin su permiso y sin satisfacerles cantidad alguna como indemnización y se apropió una faja de terreno de cuatro metros de ancho por 18 de largo que atraviesa la finca de este a oeste y en la que ha hecho terraplenes y colocado una vía fija de railes causándoles así perjuicios por $6,000 que reclaman en unión del terreno.

Esa demanda fué contestada por la corporación demandada negando todos esos hechos y consignando que el trozo de terreno reclamado forma parte, y también a fines de 1910, de una calle pública del municipio de San Juan, siendo una prolongación del Boulevard de las Nereidas y que la vía del tranvía eléctrico fué tendida allí en virtud de una franquicia que le ha concedido el Consejo Ejecutivo de Puerto Rico y en virtud también del convenio celebrado con el municipio de San Juan, quien es el dueño del referido trozo de terreno que se trata de reivindicar, en el que la demandada únicamente tiene una servidumbre.

Con tales alegaciones tuvo lugar el juicio y se pronunció sentencia en 23 de mayo de 1913 declarando con lugar la demanda y condenando a la corporación demandada a devolver el inmueble que se reclama, o sea el trozo de terreno ocupado por la vía del trolley en la finca descrita en la demanda, con imposición de costas, gastos y honorarios de abogado. La apelación que la corporación demandada interpuso contra esta sentencia es la que motiva el presente recurso.

Dos son las cuestiones que la apelante suscita en esta apelación, siendo la primera en cuanto a la evidencia admitida en el juicio por el tribunal con la objeción de la apelante, y la segunda sobre la suficiencia de esa evidencia, tomada en conjunto, para sostener el fallo, en el caso de que hubiera sido admisible. La cuestión de la insuficiencia de la prueba fué suscitada mediante una moción de desistimiento (*non suit*) hecha por la demandada después que los demandantes presentaron toda su evidencia, sin que por su parte presentaran prueba alguna.

Para probar los demandantes que eran dueños de la finca en que la demandada tiene colocada su vía de railes fijos para el servicio de un trolley presentaron la escritura pública de 11 de enero de 1913, (documento letra B) que tiene por objeto subsanar ciertas omisiones de otra anterior respecto a la cabida de la finca y en la cual de una manera incidental se expresa que Arturo Brac había vendido en otra escritura a Carmen Figueroa su condominio de una mitad proindiviso y que a su vez dicha señora lo había vendido por otra escritura pública a Manuel Martínez, uno de los demandantes. Este documento no fué inscrito hasta 30 de abril de 1913.

Como prueba del dominio de Carmen Figueroa se presentó la escritura de 11 de enero de 1913 (documento letra D) por la cual Arturo Brac vende a dicha señora una cuarta parte indivisa de la finca y que es inscrita también en 30 de abril de 1913.

Y en cuanto al otro condueño y demandante Eugenio Brac

se presentó la escritura del año 1903 (documento letra E) que contiene la compra que hizo a Wenceslao Allende de un condominio de una cuarta parte indivisa en una finca de dos cuerdas diez céntimos del sitio de Bayola en el barrio de Santurce en San Juan, que no fué inscrita hasta 30 de abril de 1913, y la escritura del año 1909, (documento letra C) por la cual Eugenio Brac y otros dividen en cuatro solares la finca de dos cuerdas diez céntimos, correspondiendo la descripción del solar B con la descripción de la finca que trata la demanda y de la cual se reclama una faja de terreno. De los cuatro documentos restantes los marcados "F" y "G" no tienen otro objeto que demostrar el origen de la finca y en cuanto a los señalados "A" y "H" no hace objeción alguna en este recurso la apelante y se refiere el primero de estos a un poder y el segundo a un requerimiento por otra finca.

Los relacionados documentos fueron admitidos como evidencia con la objeción y protesta de la apelante y entendemos que ésta tenía razón. El demandante Manuel Martínez no puede probar su propiedad en la finca en litigio contra la demandada mediante manifestaciones de su adquisición hechas por él y otras personas en un documento que no es su título de adquisición. Sería muy inseguro sostener las pretensiones del demandante Martínez con sus propias manifestaciones hechas fuera del tribunal, sin juramento y sin someterse al interrogatorio de la parte contraria, puesto que, por regla general, las declaraciones de una parte en su propio favor no son admisibles en su beneficio a menos que constituyan parte del acto o contrato que ha de ser probado. Jones on Evidence, sección 235. Por consiguiente, el documento letra B en el que se hace referencia a que Manuel Martínez había adquirido una mitad indivisa en el solar en cuestión por otro documento, no debió ser admitido como prueba de su título.

Pero además ese documento, así como el marcado letra "D," que fué presentado para probar el título de la demandante Carmen Figueroa, no debieron ser admitidos porque habiendo sido otorgados casi un año después de interpuesta la demanda, tal clase de prueba constituye cambio sustancial entre lo alegado y probado pues mientras en la demanda se sostiene que eran dueños desde antes de ocurrir los hechos de que se quejan, la prueba viene a demostrar, según la exposición del caso, que no llegaron a tener interés en la finca hasta mucho tiempo después de presentada la demanda. Para presentar evidencia de hechos ocurridos después de haber comenzado la acción es preciso que se haya adicionado alguna alegación en ese sentido que soporte la prueba Véanse los casos citados en 31 Cyc., 684, letra F, nota 93.

Los apelados trataron en el momento de la vista ante nosotros de enmendar la exposición del caso alegando que en ésta no se insertaron todos los hechos necesarios para que podamos apreciar el efecto de la prueba presentada, pues se omitió consignar que esas escrituras no tienen otro alcance que el de elevar a documentos públicos las ventas hechas anteriormente por documento privado. Nosotros rechazamos entonces la moción por no ser esa la forma en que puede enmendarse una exposición del caso en la que el juez tiene que intervenir mediante su aprobación; pero si es cierto que la exposición del caso omite esos hechos, debieron los apelados pedirle al juez inferior que la enmendara y éste debió cuidar de que contuviera todos los hechos necesarios para resolver nosotros la apelación, a pesar de que los apelados no hicieran gestión en ese sentido.

En cuanto al otro demandante Eugenio Brac probó que adquirió en 1903 el condominio de una cuarta parte proindivisa en la finca de dos cuerdas diez céntimos y por división de ésta en 1909 igual participación en el solar cuya faja se reclama, y el hecho de que tanto él como los otros dos demandantes no inscribieran sus títulos hasta después de radicada

la demanda no les impediría recobrar, pues la alegación esencial de la demanda es que son dueños, y el expresar que lo son según la inscripción del registro es sólo una explicación que puede quizás considerarse como superflua.

Sin embargo, como la demanda ha sido establecida por todos los que alegan ser condueños para que se les entregue tal faja de terreno, y dos de ellos han dejado de probar sus títulos de acuerdo con la ley, siendo la participación de Eugenio Brac proindivisa, sería imposible en estas condiciones ordenar que se le entregue toda, porque no le pertenece en totalidad, ni una parte de ella porque su cuarta parte es indeterminada.

En vista de estas circunstancias y de haber sido admitidos erróneamente durante el juicio los documentos a que hacemos referencia procede que, revocando la sentencia apelada, ordenemos la celebración de un nuevo juicio.

*Revocada la sentencia ordenando la celebración de un nuevo juicio y los demás procedimientos que en justicia procedan.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.